IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM LEE GRANT, II,<br><br>        Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY;<br>SPECIAL COLLECTION SERVICE; and<br>STATE OF ILLINOIS,<br><br>        Defendant. | Case No. 19-CV-1104-NJR-RJD |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On October 9, 2019, Plaintiff William Lee Grant, II, filed a complaint against the Central Intelligence Agency, the Special Collection Service, and the State of Illinois (Doc. 2). In his complaint, he made numerous rambling and non-sensical allegations about wrongdoings of various public figures. *Id.* Along with the complaint, Grant filed a motion to proceed *in forma pauperis* ("IFP") (Doc. 3). Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he possesses [showing] that he is unable to pay such fees or give security therefor." Grant has not completely satisfied this requirement, because he has not itemized his monthly expenditures. Instead, he merely states that he received $192.00 per month in Supplemental Nutrition Assistance Program benefits from February 2019 to January 2019 (Doc. 3 at 2). He identifies no other source of income (*Id.* at 1-3).

Furthermore, Section 1915(e)(2) requires careful threshold scrutiny of the complaint

filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of Grant's motion for IFP requires the undersigned District Judge to closely review the allegations of his petition. Grant's claims fail this additional level of review.

Here, the fundamental problem is that Grant's allegations are frivolous. Grant detailed his attempts to file a similar rendition of this complaint on numerous occasions before courts across the country, including previously in this Court (Doc. 2 at 19-27).[1] Nothing about this most recent filing before the Court transforms his claims from frivolous to non-frivolous. Grant makes pages of bare allegations in non sequitur form. He claims, for instance, that he was forced to "act gay" under duress, that former Governor Bruce Rauner bribed former Chicago Mayor Rahm Emanuel to hide national security reports during his time in the White House under President Bill Clinton, and that Courtney Love killed her husband Kurt Cobain (of the defunct rock band Nirvana). Appended to his complaint, Grant also included a copy of a dismissal from another court, as well as various documents of

---

[1] He has filed other complaints before the Central District of California, the District of Columbia, the Northern District of Georgia; the Northern District of Illinois; the Central District of Illinois; the District of Maryland; the District of Nebraska; the Eastern District of New York; the Southern District of New York; the Eastern District of Texas; the Northern District of Texas; the Southern District of Texas; the Western District of Texas; the Eastern District of Virginia; and the Court of Federal Claims. He has appealed to the Second Circuit; the Fourth Circuit; the Fifth Circuit; the Seventh Circuit; the Eighth Circuit; the Ninth Circuit; the Eleventh Circuit; the Federal Circuit; and the D.C. Circuit.

recommendation, resignation, and termination of employment.

When a plaintiff repeatedly files similar frivolous litigation, as Grant has done here, the Court finds it unnecessary to grant leave to refile an amendment. The Court is not required to allow frivolous litigation to bog down the judiciary. *See e.g. Walton v. Walker,* 364 Fed. App'x 256, 257-58 (7th Cir. 2010) (affirming dismissal with prejudice of plaintiff's sprawling 82-page complaint considering his history of meritless litigation), *see also Chung v. KPMG LLP,* 104 Fed. App'x 576, 577 (7th Cir. 2004) (dismissal with prejudice was warranted when plaintiff had a history of redundant and frivolous filings). In fact, Grant should be warned that he is walking on a razor's edge by filing complaints like the one in this case. The United States Supreme Court has gone so far in the past as to ban *pro se* litigants from making future filings where they have exhibited a pattern of frivolous and redundant litigious conduct. *Vey v. Clinton*, 520 U.S. 937, 937-38 (1997) (denying a *pro se* litigant IFP status and banning her from making future filings without paying the fee when she had filed 26 frivolous claims over 6.5 years regarding the actions of various government entities and actors). There is no reason this Court could not do the same if Grant's abusive conduct continues. *See Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

Accordingly, Grant's Motion to Proceed IFP is **DENIED**, and his complaint is **DISMISSED with prejudice**. The Clerk of Court shall close this case and enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED:   October 22, 2019

                                                      **NANCY J. ROSENSTENGEL**
                                                    **Chief U.S. District Judge**